C. S. COLTON & CO., PLAINTIFFS IN ERROR, V. FRANK SHAFFER AND JAMES T. CLARK, DEFENDANTS IN ERROR.

Action on Account: VERDICT. In an action for balance due .upon an account, the defense presented by the answer was that of payment. The testimony was conflicting. This question of fact was decided by the jury in favor of defendant, upon evidence which was held sufficient to sustain the verdict. The judgment, therefore, was not molested.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*John Dawson*, for plaintiff in error.

*C. C. Flansburg*, for defendant in error.

REESE, CH. J.

The petition in error, with the transcript and bill of exceptions, was filed in this court on the 13th day of January, 1887. The cause was continued at the July term. No briefs having been filed by plaintiff in error, defendant in error, upon call of the case in its order, during the present term, has submitted it, without briefs, under the provisions of rule four of this court.

The submission having been made without briefs or oral arguments, we can only look to the motion for a new trial for a statement of such error as may be supposed by plaintiff in error to exist.

The action was for a balance alleged to be due upon an account for machinery sold and delivered to defendants in error, and upon which it was claimed there remained due the sum of $245.

The answer consisted of an allegation that, on the 7th day of July, 1883, the account was paid in full by the defendant in error. This was denied by the reply. A

jury trial was had, which resulted in a verdict in favor of the defendant in the action, upon which judgment was rendered.

The motion for a new trial consisted of seven assignments, which were as follows:

1. Because the verdict is not sustained by sufficient evidence.

2. Because the verdict is contrary to the evidence.

3. Because there was error of law occurring at the trial and excepted to by the plaintiff.

4. Because the verdict is contrary to the instructions given by the court upon its own motion.

5. Because the verdict is contrary to the instructions given upon motion of plaintiff.

6. Because the verdict is contrary to law.

7. Because the verdict is contrary to the instructions numbered 1, 2, 3, 4, and 5, asked and given on plaintiff's motion.

The first and second assignments may be considered together. Upon an examination of the evidence, we find it in a high degree conflicting as to the question of payment. It appears to be agreed that the contract between plaintiff and defendant by which the machinery was purchased was, that payment should be made in "good" farmers' notes, and that after the sales of the machinery had been made by defendant, certain notes received upon the sales were delivered to plaintiff's agent. The point directly in dispute was, whether those notes were accepted as payment. If so, plaintiff could not recover. If not, plaintiff would still not be entitled to a judgment, if the notes tendered complied with the requirements of the contract. But if the notes did not meet such requirements, and were not accepted as payment, plaintiff would be entitled to a judgment. These questions of fact were submitted to the jury and we must be content with the verdict, as there was sufficient evidence to sustain it.

As to the third assignment, we have examined the bill of exceptions and have discovered nothing which will require a reversal of the judgment.

The fourth, fifth, sixth, and seventh assignments may be disposed of together. The only instructions shown by the transcript are four instructions given upon the request of the plaintiff. There are no instructions which appear to have been given upon the court's own motion. The record, therefore, failing to show all the instructions given to the jury, no examination can be made as to whether the verdict was contrary to the instructions or not. However, the instructions shown by the record submitted the questions of fact to the jury, and their decision thereon must be treated as final under the testimony.

No error is found in the record, and the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.